Robert Allen CLARK, Jr.,
Plaintiff-Appellant

v.

CITY OF SAN ANTONIO; Catherine E.
Cagnon, Police Officer of the San An-
tonio Police Department; San Antonio
Police Department, Defendants-Appel-
lees

No. 17-50003
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed March 13, 2018

Robert Allen Clark, Jr., Pro Se

Shawn Kevin Fitzpatrick, Fitzpatrick &
Kosanovich, P.C., San Antonio, TX, for
Defendants-Appellees

Before SMITH, WIENER, and
HAYNES, Circuit Judges.

PER CURIAM: *

Robert Allen Clark, Jr., moves to pro-
ceed in forma pauperis (IFP) in this appeal
from the district court's dismissal of his 42
U.S.C. § 1983 complaint for failure to state
a claim pursuant to 28 U.S.C.
§ 1915(e)(2)(B). Clark's complaint arose
from his arrest and prosecution for violat-
ing San Antonio's vending ordinance. By
moving to proceed IFP in this court, Clark
challenges the district court's certification
that his appeal is not taken in good faith.
See Baugh v. Taylor, 117 F.3d 197, 202
(5th Cir. 1997).

Clark has not raised a legal issue argua-
ble on the merits. The district court based
its dismissal in part on the rule that a
plaintiff in a civil rights action may not
recover damages for an "allegedly uncon-
stitutional conviction or imprisonment, or
for other harm caused by actions whose
unlawfulness would render a conviction or
sentence invalid," unless he proves "that
the conviction or sentence has been re-
versed on direct appeal, expunged by exec-
utive order, declared invalid by a state
tribunal authorized to make such determi-
nation, or called into question by a federal
court's issuance of a writ of habeas cor-
pus." Heck v. Humphrey, 512 U.S. 477,
486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383
(1994). A civil rights claim that is barred
by this rule is legally frivolous. Hamilton
v. Lyons, 74 F.3d 99, 102-03 (5th Cir.
1996). In his motion, Clark asserts that
Heck does not apply because he is not a
prisoner and because his conviction was
void. He contends that his conviction was
void because the state trial court judge
was under a "motion for recusal." Clark
does not cite any legal authority suggest-
ing that Heck only applies to prisoners and
that a motion for recusal voids a convic-
tion.

In addition, Clark argues that the dis-
trict court judge and magistrate judge
should have recused themselves due to
bias. However, Clark's conclusory argu-
ments for recusal fail to show that the
magistrate judge and district court judge
had actual personal biases or were preju-
diced against him. See 28 U.S.C. §§ 144,
455(a), (b)(1); Liteky v. United States, 510
U.S. 540, 555-56, 114 S.Ct. 1147, 127
L.Ed.2d 474 (1994). Further, Clark claims
that the court prevented him from con-
ducting discovery and argues that the dis-
trict court erred by not allowing him to

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

amend his complaint. While a district court generally must not dismiss a pro se litigant's complaint for failure to state a claim unless it has given the litigant an opportunity to develop the facts and amend his complaint to remedy the deficiencies, Clark fails to demonstrate that the district court abused its discretion by denying his motion to amend his complaint and request to conduct discovery. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991); *cf. Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993).

Thus, Clark fails to raise any legal issues arguable on their merits. Accordingly, his motion for leave to proceed IFP is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.